IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

COREY[1] RASCH,

    Plaintiff,

vs.

TYSON FRESH MEATS, INC., a/k/a
TYSON FOODS, INC.

    Defendant.

No. C16-3006-LTS

**ORDER ON
MOTION TO REMAND**

This matter is before me on plaintiff's motion (Doc. No. 6) to remand. Defendant has filed a resistance (Doc. No. 7) and plaintiff has filed a reply (Doc. No. 9). No party has requested oral argument. The motion is fully submitted and ready for decision.

### *I.    BACKGROUND*

Plaintiff Corey Rasch filed this case in the Iowa District Court for Kossuth County on December 24, 2015, alleging a breach of his employment contract. His state court petition (Doc. No. 3) named two defendants: (1) Tyson Fresh Meats, Inc., a/k/a Tyson Foods, Inc. (Tyson), and (2) Jack Walker. The petition concluded with the following prayer for relief:

---

[1] The civil cover sheet (Doc. No. 1) defendants filed when removing this case to this court listed plaintiff's first name as "Cory." It appears that every other pleading, including those filed by plaintiff's counsel, has spelled plaintiff's first name as "Corey." *See, e.g.,* Doc. Nos. 2, 3 and 5. As such, the Clerk is directed to amend the docket for this case to reflect that the correct spelling of plaintiff's name is "Corey Rasch."

> WHEREFORE, the plaintiff demands judgment against the defendants, Jack Walker and Tyson Fresh Meats, Inc. jointly and severally, in the amount of $40,000.00 for actual damages, and $40,000.00 for liquidated damages, together with interest as provided by law and costs in this action, and attorney fees as applicable under state statute.

Doc. No. 3 at 3.

On January 29, 2016, the defendants filed a notice (Doc. No. 2) of removal to this court. On February 4, 2016, Rasch filed a document (Doc. No. 5) entitled "Amendment to Petition" in which he itemized certain changes to his initial petition.[2] The changes included the elimination of all references to Walker as being a defendant in this case. Doc. No. 5 at 1-2. For example, Rasch edited the prayer for relief to request judgment only against Tyson. *Id.* at 2. Rasch then filed the present motion to remand the next day. Tyson has since filed an answer (Doc. No. 8).

## II. APPLICABLE STANDARDS

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states." 28 U.S.C. § 1332(a)(1). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.

---

[2] The "Amendment to Petition" violates Local Rule 15, which states as follows in relevant part:

> An amended or supplemented pleading, whether filed as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) or as an electronic attachment to a motion, must not, except by leave of court, incorporate any prior pleading by reference, but must reproduce the entire new pleading.

N.D. Ia. L.R. 15. Rasch shall file an "entire new pleading" that incorporates all of the changes described in his "Amendment to Petition."

§ 1441(a). After removal, a plaintiff may request remand back to state court if either (a) the amount in controversy does not exceed $75,000 or (b) there is not true diversity. As Judge Bennett has explained:

> (1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; (2) a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; (3) lack of subject matter jurisdiction requires remand to the state court under the terms of 28 U.S.C. § 1447(c); (4) the court's removal jurisdiction must be strictly construed; therefore, (5) the district court is required to resolve all doubts about federal jurisdiction in favor of remand; and, finally, (6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus.

*Salton v. Polyock*, 764 F. Supp. 2d 1033, 1035 (N.D. Iowa 2011); *see also Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (noting that "[w]here the defendant seeks to invoke federal jurisdiction through removal, however, it bears the burden of proving that the jurisdictional threshold is satisfied."); *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (noting that the rule that the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence "applies even in removed cases where the party invoking jurisdiction is the defendant."); *OnePoint Solutions, L.L.C. v. Borchert*, 486 F.3d 342, 349 (8th Cir. 2007) (noting that the party invoking jurisdiction "has the burden of proving the requisite amount by a preponderance of the evidence.").

> The Iowa Rules of Civil Procedure include the following prohibition:
>
> Except in small claims and cases involving only liquidated damages, a pleading shall not state the specific amount of money damages sought but shall state whether the amount of damages meets applicable jurisdictional requirements for the amount in controversy. The specific amount and elements of monetary damages sought may be obtained through discovery.

3

*See* Iowa R. Civ. P. 1.403(1). The process for determining the amount in controversy when a state court petition does not specify a monetary demand is as follows: (1) the court must determine whether the complaint is removable on its face; and (2) if the complaint is not removable on its face, the court must provide the parties with the opportunity to satisfy the court as to the amount in controversy. *McCorkindale v. American Home Assur. Co./A.I.C.,* 909 F. Supp. 646, 653-56 (N.D. Iowa 1995). The Eighth Circuit Court of Appeals has recognized that prior to removal, a plaintiff may stipulate that the amount in controversy does not exceed $75,000.

> "Stipulations . . . when filed contemporaneously with a plaintiff's complaint and not after removal, have long been recognized as a method of defeating federal jurisdiction. . . *See, e.g., De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.").

*Rolwing v. Nestle Holdings, Inc.*, 666 F.3d 1069, 1072 (8th Cir. 2012), *abrogated on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

### III. DISCUSSION

Rasch argues that remand is required because Tyson cannot prove that the amount in controversy exceeds $75,000. Tyson points to Rasch's original state court petition as evidence that more than $75,000 is in controversy, as Rasch specifically requested judgment in the amount of $80,000. Rasch responds that it was inappropriate for him to ask for a specific sum of damages in the original petition and notes that his amended pleading includes no suggestion that the amount in controversy exceeds $75,000. Rasch

argues that in light of his amendment, Tyson cannot prove the amount in controversy exceeds $75,000.[3]

"The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). As an initial matter, Rasch is correct that "[w]here the defendant seeks to invoke federal jurisdiction through removal. . . it bears the burden of proving that the jurisdictional threshold is satisfied. . . This can be a complex task where. . . the plaintiff prefers to litigate in state court." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (internal citations omitted). However, "[t]he general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.' In deciding this question of good faith we have said that it 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

---

[3] Rasch also makes the absurd argument that because Tyson has denied liability, it has admitted that the amount in controversy does not exceed $75,000. Doc. No. 9 at 2. The amount in controversy is, of course, the "sum claimed by the plaintiff." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The federal court is not divested of jurisdiction simply because of the "inability of [the] plaintiff to recover an amount adequate to give the court jurisdiction. . . Nor does the fact that the complaint discloses the existence of a valid defense to the claim" divest the court of jurisdiction. *Id.*, at 289. Put another way, "the sum claimed by the plaintiff in good faith is usually dispositive." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). The lone exception is legal impossibility. *Id*. In this case (as in all cases), the mere fact that the defendant generally denies liability has no bearing on the amount in controversy. If anything, it is the denial of liability that creates the controversy.

Thus, Tyson's argument that the amount in controversy was established by Rasch's original state court petition complaint is sound. Courts have long held that if the plaintiff's complaint includes a specific request for damages, the stated amount is sufficient to prove the amount in controversy. *Id.* at 353-54 ("The claim . . . was $14,035; the state court suit of petitioner asked that much; the conditional counterclaim in the federal court claims the same amount. . . Thus the record before us shows beyond a doubt that . . . petitioner claims more than $10,000 from the respondent."). I find that Rasch's specific demand in his state court petition for an award of $80,000 in damages made that petition removable on its face.[4]

The two remaining questions Rasch raises are (1) what effect does his subsequent amendment have on the analysis; and (2) does the fact that his demand for a specific amount of damages violated the Iowa Rules of Civil Procedure demonstrate that the demand was made in bad faith? Both questions are easily disposed of. The Supreme Court long ago stated that if "[o]n the face of the pleadings petitioner was entitled to invoke the jurisdiction of the federal court," then "a reduction of the amount claimed after removal, did not take away that privilege." *St. Paul Mercury Indem. Co.*, 303 U.S. at 296.[5] Accordingly, the fact that Rasch deleted his demand for a sum certain after removal does not divest this court of jurisdiction.[6]

---

[4] Neither party disputes that diversity of citizenship exists in this case.

[5] As stated above, the Eighth Circuit recognizes that if a plaintiff stipulates prior to removal that the amount in controversy does not exceed $75,000, removal is not appropriate. In addition, "where a plaintiff's state court complaint does not specify a specific amount of damages, post removal stipulations indicating that the value of the claim at the time of removal did not exceed the jurisdictional minimum [a]re permissible." *Moller v. Tyson Foods, Inc.*, 2014 WL 4437548, at *2 (N.D. Iowa 2014). That type of analysis is not applicable to this situation because (a) Rasch's state court petition included a demand in excess of $75,000 and (b) Rasch has not stipulated that the amount in controversy is below $75,000.

[6] Notably, Rasch has not reduced his claim for damages. All he did was remove the specific dollar amount from his original petition.

Second, as set out above, Rasch's claim for $80,000 in damages was in bad faith only if it is legally certain that the value of his claim actually falls below the jurisdictional threshold. Rasch makes no argument – legally certain or otherwise – that he is prohibited from recovering more than $75,000 in this case. His entire argument is simply that Iowa Rule of Civil Procedure 1.403(1) made it improper for him to claim a specific amount of damages in his state court petition. Whether or not Rasch violated Rule 1.403(1) does not affect the amount of damages he has placed in controversy. Through his procedural mistake, he disclosed that he seeks to recover more than $75,000. Accordingly, Tyson properly removed this case to federal court.

## IV. CONCLUSION

For the reasons set out above:

1. Plaintiff's motion to remand (Doc. No. 6) is **denied**.

2. Within fourteen (14) days of the date this order is filed, plaintiff shall comply with Local Rule 15 by filing an entirely new amended complaint that incorporates all of the changes to his initial state court petition (Doc. No. 3) that are described in his "Amendment to Petition" (Doc. No. 5). The document shall be entitled "First Amended Complaint." Because Tyson has already filed an answer (Doc. No. 8), no additional responsive pleading by Tyson will be necessary.

**IT IS SO ORDERED.**

**DATED** this 11th day of March, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE